**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,<br><br>Plaintiffs,<br><br>v.<br><br>HUAWEI DEVICE USA INC.,<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendant Huawei Device USA Inc., hereby allege as follows:

**THE PARTIES**

1. Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2. Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3. Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4. On information and belief, Defendant Huawei Device USA, Inc. ("Huawei") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 5700 Tennyson Pkwy., Ste. 600, Plano, TX 75024.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

6. This Court has specific and/or general personal jurisdiction over Defendant Huawei because it has committed acts giving rise to this action within this judicial district and/or has established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Huawei has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,490,443)

8. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

9. On December 3, 2002, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,490,443 ("the '443 patent"), entitled "Communication and Proximity Authorization Systems."  A true and correct copy of the '443 patent is attached hereto as **Exhibit A**.

10. The named inventor of the '443 patent is Charles C. Freeny, Jr., who is now deceased.

11. Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and assignees of all right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12. On information and belief, Huawei has been and now is directly infringing the

'443 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '443 patent, including but not limited to the Huawei Vitria smartphone and all reasonably similar products ("the accused Huawei products"), in violation of 35 U.S.C. § 271(a).

13.  On information and belief, Huawei is inducing and/or has induced infringement of one or more claims of the '443 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Huawei products in an infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Huawei has had knowledge of the '443 patent since at least the date of service of this Complaint.  Despite this knowledge of the '443 patent, Huawei has continued to engage in activities to encourage and assist its customers in the use of the accused Huawei products.  For example, through its website at http://www.huaweiservice-us.com/, Huawei advertises the accused Huawei products and provides instructions and technical support on the use the accused Huawei.  On information and belief, by using the accused Huawei products as encouraged and assisted by Huawei, Huawei's customers have directly infringed and continue to directly infringe one or more claims of the '443 patent.  On information and belief, Huawei knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Huawei products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '443 patent.

14.  On information and belief, Huawei will continue to infringe the '443 patent unless enjoined by this Court.

15. Huawei acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty. Huawei's infringement of Plaintiffs' rights under the '443 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,806,977)

16. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

17. On October 19, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,806,977 ("the '977 patent"), entitled "Multiple Integrated Machine System." A true and correct copy of the '977 patent is attached hereto as **Exhibit B**.

18. Plaintiffs are the owners and assignees of all right, title and interest in and to the '977 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

19. On information and belief, Huawei has been and now is directly infringing the '977 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '977 patent, including but not limited to the accused Huawei products, in violation of 35 U.S.C. § 271(a).

20. On information and belief, Huawei is inducing and/or has induced infringement of one or more claims of the '977 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Huawei products in an

infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Huawei has had knowledge of the '977 patent since at least the date of service of this Complaint.  Despite this knowledge of the '977 patent, Huawei has continued to engage in activities to encourage and assist its customers in the use of the accused Huawei products.  For example, through its website at http://www.huaweiservice-us.com/, Huawei advertises the accused Huawei products and provides instructions and technical support on the use the accused Huawei products.  On information and belief, by using the accused Huawei products as encouraged and assisted by Huawei, Huawei's customers have directly infringed and continue to directly infringe one or more claims of the '977 patent.  On information and belief, Huawei knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Huawei products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '977 patent.

21.	On information and belief, Huawei will continue to infringe the '977 patent unless enjoined by this Court.

22.	Huawei acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Huawei infringement of Plaintiffs' rights under the '977 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,301,664)

23.	Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

24. On November 27, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 7,301,664 ("the '664 patent"), entitled "Multiple Integrated Machine System." A true and correct copy of the '664 patent is attached hereto as **Exhibit C**.

25. Plaintiffs are the owners and assignees of all right, title and interest in and to the '664 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26. On information and belief, Huawei has been and now is directly infringing the '664 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '664 patent, including but not limited to the accused Huawei products, in violation of 35 U.S.C. § 271(a).

27. On information and belief, Huawei is inducing and/or has induced infringement of one or more claims of the '664 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Huawei products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Huawei has had knowledge of the '664 patent since at least the date of service of this Complaint. Despite this knowledge of the '664 patent, Huawei has continued to engage in activities to encourage and assist its customers in the use of the accused Huawei products. For example, through its website at http://www.huaweiservice-us.com/, Huawei advertises the accused Huawei products and provides instructions and technical support on the use the accused Huawei products. On information and belief, by using the accused Huawei products as encouraged and assisted by Huawei, Huawei's customers have directly infringed and continue to directly infringe one or

more claims of the '664 patent.  On information and belief, Huawei knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Huawei products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '664 patent.

28. On information and belief, Huawei will continue to infringe the '664 patent unless enjoined by this Court.

29. Huawei acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Huawei infringement of Plaintiffs' rights under the '664 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,072,637)

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

31. On December 6, 2011, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 8,072,637 ("the '637 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '637 patent is attached hereto as **Exhibit D**.

32. Plaintiffs are the owners and assignees of all right, title and interest in and to the '637 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

33. On information and belief, Huawei has been and now is directly infringing the '637 patent in the State of Texas, in this judicial district, and elsewhere in the United States by,

among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '637 patent, including but not limited to the accused Huawei products, in violation of 35 U.S.C. § 271(a).

34. On information and belief, Huawei is inducing and/or has induced infringement of one or more claims of the '637 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Huawei products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Huawei has had knowledge of the '637 patent since at least the date of service of this Complaint. Despite this knowledge of the '637 patent, Huawei has continued to engage in activities to encourage and assist its customers in the use of the accused Huawei products. For example, through its website at http://www.huaweiservice-us.com/, Huawei advertises the accused Huawei products and provides instructions and technical support on the use the accused Huawei products. On information and belief, by using the accused Huawei products as encouraged and assisted by Huawei, Huawei's customers have directly infringed and continue to directly infringe one or more claims of the '637 patent. On information and belief, Huawei knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Huawei products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '637 patent.

35. On information and belief, Huawei will continue to infringe the '637 patent unless enjoined by this Court.

36. Huawei acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty. Huawei infringement of Plaintiffs' rights

under the '637 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Huawei as follows:

a. For judgment that Huawei has infringed and continues to infringe the claims of the '443, '977, '664, and '637 patents;

b. For a permanent injunction against Huawei and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '443, '977, '664, and '637 patents;

c. For an accounting of all damages caused by Huawei acts of infringement;

d. For a judgment and order requiring Huawei to pay Plaintiffs' damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '443, '977, '664, and '637 patents as provided under 35 U.S.C. § 284; and

e. For such other relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable by a jury.

Dated: July 9, 2014                Respectfully submitted,

/s/ Christopher D. Banys
Christopher D. Banys - **Lead Attorney**

BANYS, P.C.
Christopher D. Banys          SBN: 230038 (California)

| | |
|---|---|
| Richard C. Lin | SBN: 209233 (California) |
| Eric J. Sidebotham | SBN: 208829 (California) |
| Jennifer L. Gilbert | SBN: 255820 (California) |

1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
ejs@banyspc.com
jlg@banyspc.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill             SBN: 24032294
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS
CHARLES C. FREENY III, BRYAN E. FREENY,
AND JAMES P. FREENY**